United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, <br> (Inmate # 00242515), | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-22-4366 |
| MAJOR WEBB, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Andrew Burke is an inmate in the Fort Bend County Jail. Representing himself, he filed a prisoner's civil rights complaint under 42 U.S.C. § 1983 against Jail Administrator Major Jacob Webb, alleging that Major Webb is violating his constitutional rights in several ways. (Docket Entry No. 1). At the court's request, Burke filed a supplemental statement of his claims, in which he explains his original claims and adds additional claims against Major Webb. (Docket Entry No. 15). Because Burke is a prisoner, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 42 U.S.C. § 1997e(c). After reviewing Burke's complaint and supplemental statement, the court dismisses his action. The reasons are explained below.

**I.    Background**

Publicly available records show that Burke is currently in jail waiting trial on multiple serious state criminal charges. *See* www.fortbendcountytx.gov (last visited Apr. 10, 2023). On December 15, 2022, he filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Major Webb is denying him his ability to call his attorney. (Docket Entry No. 1, p. 3-4). He also alleges

that Major Webb is denying him access to the courts, denying him access to his jail records, and interfering with his right to counsel by blocking the State Bar of Texas attorney hotline number on all jail phones. (*Id.*). According to Burke, Major Webb is taking these actions because Burke is Caucasian while Major Webb is African-American. (*Id.*). Burke also alleges that his court-appointed attorney, Mike Diaz, blocks calls from the jail to his personal phone, but Burke does not name Attorney Diaz as a defendant in his action. (*Id.* at 4). Burke asks the court to enter an injunction requiring Major Webb to "unblock" the State Bar hotline phone number and to award him money damages of $500,000. (*Id.*).

In a supplemental statement of his claims, Burke alleges that he is being denied access to the courts because he is permitted to appear for court hearings only by video. (Docket Entry No. 15, p. 2). He alleges that his access to courts is also being denied because the jail will not provide him with forms for filing motions and will not make photocopies of court records for him. (*Id.*). He also alleges that Major Webb is interfering with his request for a bond reduction. (*Id.*).

As to his claim concerning his right to counsel, Burke alleges that Major Webb is interfering with this right by denying him the ability to call his attorney or the State Bar attorney hotline. (*Id.* at 2, 4). As to his claim for jail records, Burke alleges that Major Webb is violating the Freedom of Information Act by repeatedly refusing to provide him with copies of the records he has properly requested. (*Id.* at 6).

Burke then adds three new claims against Major Webb based on his alleged prejudice against Burke because Burke is Jewish. (*Id.* at 4). Burke alleges that Major Webb has "had him physically assaulted" and denied medical treatment. He alleges that Major Webb denies him kosher meals and states that "real kosher meals are not even available at this jail." (*Id.* at 4-5). And he alleges Major Webb and "his staff" display contempt when Burke asks about kosher meal

trays and exercising his religion. (*Id.*). He alleges that he has been tortured, abused, and terrorized by Major Webb and his staff. (*Id.*).

As to Attorney Diaz, Burke alleges that Diaz "auto-blocks" all jail calls on his personal phone. (*Id.* at 4). While not entirely clear from his supplemental statement, it appears that Burke is alleging that this is a violation of either his right of access to the courts or his right to counsel.

In response to the court's question concerning any harm Burke has suffered, Burke alleges that his "entire life, family, and career" are ruined. (*Id.* at 7). He alleges that Major Webb has also damaged his reputation by making it appear that Burke is causing problems at the jail. (*Id.*). He alleges that he is falsely imprisoned and his life is destroyed. (*Id.*). But he does not allege that he has suffered any physical injury because of Major Webb's actions, and he does not identify any mental or emotional injury that he has suffered.

## II.     The Legal Standards

### A.     Actions Under 42 U.S.C. § 1983

Burke sues Major Webb under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v.*

*City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). In addition, a prisoner may not seek money damages under § 1983 for mental or emotional injuries without first showing that he has suffered a physical injury. *See* 42 U.S.C. § 1997e(e); *see also Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003).

### B. *Pro Se* Pleadings

Burke is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. Discussion

### A. The Claim of Denial of Access to Courts

Burke alleges that Major Webb is violating his right of access to courts in several ways: (1) by making him attend court appearances by video; (2) by failing to provide him with forms for filing motions; (3) by barring him from using the telephone; and (4) by refusing to make photocopies for him. Burke also alleges that he has filed multiple motions for a bond reduction, which are being ignored.

4

"[P]risoners generally enjoy the constitutional right of access to court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citing *Bounds v. Smith*, 43 U.S. 817 (1977), and *Johnson v. Avery*, 393 U.S. 483, 483-85 (1969)). But a prisoner's right of access to the courts is not unlimited. *Id.* (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). It requires only that the prisoner be provided with "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "[T]he Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). To allege an actionable claim for violation of the right of access to the court, the prisoner must show both that the right was violated and that he was harmed by the alleged violation. *See Lewis,* 518 U.S. at 351; *see also Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (per curiam). To allege harm, the prisoner must show that he lost an actionable claim or was prevented from presenting such a claim because of the defendant's actions. *See Lewis*, 518 U.S. at 356; *see also Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam).

Burke's allegations do not meet these standards. Burke alleges no facts to show that appearing by video at court proceedings denied him a reasonable opportunity to file nonfrivolous legal claims. He alleges no facts showing that the lack of access to a telephone and the inability to make photocopies denied him a reasonable opportunity to file nonfrivolous legal claims. He does not identify any nonfrivolous claim that he was prevented from filing because of a lack of access to forms for filing motions, nor does he show that any motion he filed was rejected for being filed either on an improper form or on no form at all. Burke affirmatively alleges that he has filed multiple motions on his own behalf in his state-court proceedings. (Docket Entry No. 15, p. 3).

5

In addition, this court's records show that Burke has filed no fewer than seven civil actions in this court since being incarcerated. These facts show that Burke's ability to prepare and transmit legal documents to the courts has not been impaired, and he does not allege any facts showing that he lost any actionable claim or has been prevented from presenting such a claim because of any action by Major Webb. Burke's allegations are insufficient to state a claim for a violation of his right of access to the courts.

Burke also alleges that he has filed multiple motions for a bond reduction in his state-court criminal proceedings and that Major Webb is interfering with any decision on these motions. (Docket Entry No. 15, p. 3). But Burke alleges no facts showing that Major Webb is personally involved in conducting the state trial court proceedings or that he, as Jail Administrator, has any power to control the actions and rulings of the state trial court. Absent factual allegations showing that Major Webb is personally involved in the resolution of pending motions in the state-court proceedings, Burke's allegations concerning these motions do not state a claim against Major Webb for denial of access to the courts. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Even taken as true, Burke's allegations concerning the denial of his right of access to the courts do not state a claim against Major Webb. Burke's claim for the alleged violation of his right of access to the courts is dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted.

### B. The Claims of Interference with Right to Counsel

#### 1. Interference by Major Webb

Burke alleges that Major Webb is interfering with his right to counsel by refusing to allow him to call his attorney and by blocking the State Bar of Texas hotline for reporting attorney

6

misconduct. The Sixth Amendment guarantees the defendant the right to have counsel present at "all critical stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (quoting *United States v. Wade*, 388 U.S. 218, 227-228 (1967)). It does not guarantee the defendant the right to unlimited access to his attorney, whether by telephone or otherwise. Even taking Burke's allegations as true, the jail restrictions that prevent Burke from calling his attorney at will and from calling the State Bar hotline do not interfere with his constitutional right to counsel and so do not state a claim upon which relief can be granted.

In addition, even if the restrictions on Burke's ability to call his attorney or the State Bar hotline could be viewed as interfering with his right to counsel, Burke would not be entitled to relief because he cannot show that he suffered harm because of the alleged constitutional violation. Burke has other means of communicating with his attorney, such as letters and in-person meetings. Similarly, Burke has other means of reporting alleged malfeasance to the State Bar of Texas. In the absence of allegations of demonstrated harm, Burke has not alleged a claim upon which relief can be granted. This claim against Major Webb is dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim.

### 2. Interference by Appointed Counsel

Burke also alleges that his court-appointed criminal defense attorney, Mike Diaz, refuses to accept collect calls from the jail and auto-blocks jail calls on his personal phone. Burke alleges that these actions interfere with his right to counsel by denying him the opportunity to consult with his appointed counsel. Even if these allegations were sufficient to show a constitutional violation—which they are not—they are not sufficient to state a claim under § 1983 because Diaz is not acting under color of state law.

To state a claim under § 1983, Burke must allege that his rights are being violated by a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also West,* 487 U.S. at 48 (to get relief under § 1983, a plaintiff must show that his constitutional rights were violated and that the violation was committed by a person acting under color of state law). Criminal defense attorneys, even when court-appointed for indigent defendants, do not act under color of state law. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010) (per curiam) (no § 1983 liability for defense counsel in a criminal proceeding because a defense attorney is not acting under color of state law).

Because Diaz is not acting under color of state law while representing Burke, Burke's complaint against him fails to state a claim upon which relief can be granted under § 1983. This claim is dismissed under 28 U.S.C. § 1915A(b).

      C.      **The Claim for Denial of Records**

Burke alleges that Major Webb is denying him access to all of his jail records in violation of the Freedom of Information Act. Burke alleges that he has filed multiple requests to obtain copies of his medical records, "incident/behavioral reports," "behavioral notes," police reports, and grievance records that have been created by the jail since he has been incarcerated. (Docket Entry Nos. 13, pp. 3-16; 15, pp. 2, 6, 8). He alleges that Major Webb has denied all of his requests with no explanation. (Docket Entry Nos. 1, p. 4; 15, p. 2). Burke alleges that he is entitled to copies of these records under the "open records" laws and that Major Webb is violating these laws by refusing to provide the copies.

To the extent that Burke alleges that Major Webb is violating the federal Freedom of Information Act, he does not state a claim because the federal Freedom of Information Act does not apply state or county governments and agencies. *See* 5 U.S.C. § 551(1) (defining a covered "agency" as an "authority of the Government of the United States"); s*ee also Wells v. State Att'ys Gen. of La.,* 469 F. App'x 308, 309 (5th Cir. 2012) (per curiam) (the federal Freedom of Information Act applies only to documents under the control of federal agencies); *Davidson v. State of Ga.*, 622 F.2d 895, 897 (5th Cir. 1980) (per curiam) ("[T]he Freedom of Information Act has no application to state governments."). Because the federal Freedom of Information Act does not apply to either Major Webb or the records created and maintained by the Fort Bend County Jail, Burke cannot show that Major Webb's actions violated this federal law.

To the extent that Burke alleges that Major Webb is violating the Texas Public Information Act, *see* TEX. GOV'T CODE § 552.001, *et seq.*, he cannot state a claim under § 1983 because violations of state law are generally not sufficient to establish a federal constitutional violation. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (violations of state law do not become constitutional violations just because the defendant is a state official); *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995). While Burke may be able to pursue a claim against Major Webb for his alleged violations of the Texas Public Information Act in the Texas state courts, he may not pursue such a claim in this court under § 1983.

Burke's allegations relating to the denial of his requests for jail records do not state a claim for a violation of any right under either the Constitution or federal law. This claim is denied under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted.

### D. The Claim for Excessive Force

Burke alleges that Major Webb had him assaulted by other staff members and then had other staff members deny him medical care. (Docket Entry No. 15, p. 5). While not explicitly stated, it appears that Burke is attempting to allege that the assaults were an unnecessary use of excessive force. But Burke alleges no facts to show when the alleged assaults occurred, who actually committed the assaults, or what actions Major Webb took to cause the assaults. (*Id.*). Burke also does not allege that he suffered any physical injury warranting medical care because of the alleged assaults. Instead, when asked about any harm or injury he had suffered, Burke alleges only that Major Webb has "terrorized him" while he has been in jail and that his "entire life, family, and career" and reputation have been ruined. (*Id.* at 6-7).

To the extent that Burke alleges that Major Webb is responsible for the actions of other staff members because he is the Jail Administrator, Burke fails to state a claim because supervisory officials cannot be held liable under § 1983 for the actions of their subordinates on any theory of vicarious liability. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Instead, the plaintiff must allege and show that the defendant has violated the Constitution through his own actions. *See Ashcroft*, 556 U.S. at 676. Because Burke does not allege that Major Webb was personally involved in any of the alleged assaults or denials of medical care, he fails to state a claim against Major Webb for which relief can be granted.

To the extent that Burke's allegations could be viewed as alleging that Major Webb personally participated in these actions, Burke fails to state a claim sufficient to support his claim for money damages because he has not alleged that he suffered any physical injury. "The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). But the Prison Litigation

10

Reform Act does not permit a prisoner, whether confined in a jail, prison, or other correctional facility, to bring a federal civil action for mental or emotional injuries suffered while in custody unless the prisoner also shows that he suffered a physical injury. *See* 42 U.S.C. § 1997e(e). While § 1997e does not define a "physical injury," the Fifth Circuit has held that the phrase means that the prisoner must have suffered at least some physical injury that is more than *de minimis*. *See, e.g., Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993) (requiring at least some injury for an excessive force case); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (per curiam) (a prisoner need not show significant injury but must have suffered at least some injury).

Burke does not allege that he suffered a physical injury of any kind in either his initial complaint or his supplemental statement. Instead, he complains that Major Burke has caused him emotional and psychological harm and ruined his family, his career, and his reputation. These allegations are not sufficient as a matter of law to support a claim for money damages. Burke's excessive force claims are dismissed under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(e) for failing to state a claim upon which relief can be granted.

### E. The Claim for Denial of Kosher Meals

Burke alleges that Major Webb is denying his constitutional rights by refusing to provide him with kosher meals. (Docket Entry No. 15, p. 5). He alleges that "real kosher meals are not even available at this jail" and that he is offered vegetarian meals as a substitute. (*Id.*). These allegations do not allege a constitutional violation because the Constitution "d[oes] not require a prison to provide an inmate with a diet consistent with his religious beliefs." *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007) (citing *Udey v. Kastner*, 805 F.2d 1218, 1220-21 (5th Cir. 1986) (per curiam)). This claim is dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).

### F. The Claim Based on Personal Animosity

Burke alleges that Major Webb is mistreating him out of personal animosity. In his initial complaint, Burke alleges that Major Webb has a "personal problem" with him, which Burke attributes to Major Webb being African-American while Burke is Caucasian. (Docket Entry No. 1, p. 4). In his supplemental statement, however, Burke alleges that Major Webb "hates" him because he is Jewish. (Docket Entry No. 15, p. 5). He alleges that Major Webb shows contempt for Burke when speaking to him, which Burke attributes to his religious beliefs. (*Id.*).

Even taking Burke's allegations as true, he does not state a claim upon which relief can be granted because personal animosity and rude, sarcastic, or disrespectful language do not constitute a constitutional violation. *See, e.g., Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (allegations of verbal abuse do not present actionable claims under § 1983); *Hollyfield v. Hurst*, 796 F. App'x 817, 820 (5th Cir. 2019) (per curiam) ("Rude or insensitive behavior towards prisoners is disgraceful conduct, but it does not alone rise to the level of deliberate indifference."); *Atkins v. Lofton*, 373 F. App'x 472, 474 n.1 (5th Cir. 2010) (per curiam) ("We do not suggest that we condone any rude or insensitive treatment Atkins may have received. However, rudeness or lack of compassion alone are insufficient to support a cause of action against these parties."). In addition, threatening language does not rise to the level of a constitutional violation. *See Bender*, 1 F.3d at 274 n.4; *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). When a prisoner cannot show the violation of a constitutional right, his claim must be dismissed. *See Jones*, 188 F.3d at 325.

Burke's complaints concerning the contempt, sarcasm, and dehumanizing behavior allegedly displayed by Major Webb, while disgraceful and unprofessional if true, do not allege a

violation of a constitutional right and so fail to state a claim upon which relief may be granted. These claims are dismissed under 28 U.S.C. § 1915A(b).

## IV. Conclusion

Burke's complaint, (Docket Entry No. 1), is dismissed with prejudice. All pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on April 27, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge